# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURT ECKSTROM : | |
|       Plaintiff, : | |
| v. : | 19   782 |
| : | |
| COMMUNITY EDUCATION : | |
| CENTERS, INC. c/o CORPORATE : | NO.: |
| CREATIONS NETWORK, INC., d/b/a : | |
| LUZERNE TREATMENT CENTER : | |
|     and : | |
| THE GEO GROUP, INC., as a successor in : | |
| liability to COMMUNITY EDUCATION : | |
| CENTERS, INC. : | |
|     and : | |
| DIVERSIFIED HEALTH : | JURY TRIAL DEMANDED |
| ASSOCIATES, INC. d/b/a LUZERNE : | |
| TREATMENT CENTER : | |
|     and : | |
| VIVIAM AGOSTINI, Director Luzerne : | |
| Treatment Center : | |
|     and : | |
| TANYA MOORE, counselor Luzerne : | |
| Treatment Center : | |
|     and : | |
| PENNSYLVANIA DEPARTMENT OF : | |
| CORRECTIONS : | |
|     and : | |
| ABC COMPANIES I-X : | |
|     and : | |
| JOHN DOE I : | |
|     and : | |
| JOHN DOE II : | |
|     and : | |
| JOHN DOE III : | |
|     and : | |
| JOHN DOE IV : | |
|     and : | |
| JOHN DOE V : | |
|       Defendants. : | |

## CIVIL ACTION

Plaintiff, Curt Eckstrom ("Mr. Eckstrom"), by and through his undersigned counsel, Gay & Chacker, P.C., hereby files this Complaint against defendants Community Education Centers, Inc. c/o Corporate Creations Network, Inc. d/b/a Luzerne Treatment Center ("defendant CEC"), The GEO Group, Inc. ("defendant GEO"), Diversified Health Associates, Inc., d/b/a Luzerne Treatment Center ("defendant DHA"), Viviam Agostini, Director Luzerne Treatment Center ("defendant Agostini"), Tanya Moore, Counselor Luzerne Treatment Center ("defendant Moore"), Pennsylvania Department of Corrections ("defendant DOC"), ABC COMPANIES I-X and John Does I-V (all defendants collectively "defendants"), and in support thereof, avers the following:

## THE PARTIES

1. Mr. Eckstrom is an adult individual residing at 7128 Marsden Street, Philadelphia, PA 19135.

2. At all relevant times, defendant CEC was a corporation or similar business entity organized and existing under the laws of the State of Delaware with a principal place of business at 35 Fairfield Place, West Caldwell New Jersey, 07006 and subject to service c/o Corporate Creations Network, Inc., 1001 State Street, Suite 1400, Erie, PA 16501.

3. Defendant GEO is a corporation organized and existing under the laws of the State of Florida with a principal place of business at 621 NW 53rd Street Suite 700, Boca Raton, FL.

4. Defendant DHA, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 101 North Providence Road, Wallingford, PA 19086.

5. Defendant Agostini was at all relevant times an agent of defendants CEC, GEO, DHA, DOC and/or ABC Companies I-X and was Director of Luzerne Treatment Center.

6. Defendant Moore was at all relevant times an agent of defendants CEC, GEO, DHA, Agostini, DOC and/or ABC Companies I-X and was employed as a counselor at Luzerne Treatment Center.

7. Defendant DOC is the executive agency of the Commonwealth of Pennsylvania mandated by law to receive and detain state prisoners with headquarters located at 1920 Technology Parkway, Mechanicsburg, PA 17050.

8. Defendants ABC Companies I-X, are fictitious names designating legal entities not yet identified who have acted in concert with the named defendants either as principals or agents or co-participants and whose true names plaintiff will insert when identified as if named originally.

9. Defendants John Does I-V were agents of defendants CEC, GEO, DHA, DOC, ABC Companies I-X and/or defendant Agostini who were employed at Luzerne Treatment Center as counselors, supervisors, managers, deputy directors or other personnel employed at the Luzerne Treatment Center.

10. At all times relevant hereto, defendants CEC, DHA and/or ABC Companies I-X were the contracted agents of the defendant DOC and were responsible for providing staff, operating, managing and overseeing the safety of DOC inmates serving their sentences at Luzerne Treatment Center.

11. At all relevant times, defendants controlled, operated and managed Luzerne Treatment Center located at 600 Luzerne Street, Philadelphia, Pennsylvania 19124 or are successors in liability or otherwise responsible for any and all obligations of the party that controlled, operated and managed Luzerne Treatment Center.

12. At all times relevant to this Complaint, all defendants were state actors and/or public entities under applicable federal and state law and were acting under color of state law.

## JURISDICTION AND VENUE

13. This action is brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq., §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343(a)(3), and 1343(a)(4). Plaintiff further invokes the supplemental jurisdiction under 28 U.S.C. §1376(a) to hear and decide claims under state law.

## FACTUAL BACKGROUND

14. At all relevant times, Mr. Eckstrom was an incarcerated individual serving a state sentence and in the custody of defendant DOC.

15. At all relevant times, Mr. Eckstrom was an amputee having suffered and amputation of his right leg as a result of a motor vehicle accident in 1994.

16. At all relevant times, Mr. Eckstrom was a disabled individual as a result of the prior amputation of his leg.

17. As a result of the amputation of his leg, Mr. Eckstrom was physically impaired and substantially limited with respect to major life activities including but not limited to caring for himself, performing manual tasks, walking, standing, lifting and bending and required the use of assistive devices to perform such activities.

18. Beginning on or about February 21, 2017, Mr. Eckstrom was confined as a resident at Luzerne Treatment Center as a condition of his sentence.

19. On that date, Mr. Eckstrom was required to use a shower that was not handicap accessible and was a great danger to him on account of his physical disability.

20. The non-handicap accessible shower that Mr. Eckstrom was required to use was not properly equipped to accommodate his physical disability in that it did not have a flexible, removable shower head, was not equipped with grab bars, contained tile flooring that was extremely slippery, was not equipped with a shower chair and otherwise constituted a dangerous condition in light of Mr. Eckstrom's physical disability.

21. After being forced to use the non-handicap accessible shower on February 21, 2017, Mr. Eckstrom told his counselor, defendant Moore, that the available showers were not sufficient to accommodate his disability and were unsafe in light of his disability.

22. Mr. Eckstrom requested that defendants accommodate his disability and defendants intentionally refused his request.

23. At all relevant times, the Luzerne Treatment Center did have a shower designated for handicapped or disabled persons defendants decided not to use the handicap-accessible shower. It was instead used store numerous chairs and did not have running water or a shower head.

24. As of February 23, 2017, defendants intentionally refused to provide a safe, handicap-accessible shower to accommodate Mr. Eckstrom's disability.

25. Defendants knowingly and intentionally chose not to provide Mr. Eckstrom with a safe shower.

26. As a result, on February 23, 2017, Mr. Eckstrom was forced to shower in the non-handicap accessible shower that defendants required him to use.

27. The non-handicap accessible shower was too small to allow Mr. Eckstrom to use his crutches. As a result, he was required to stand on one leg with nothing to hold on to while he showered.

28. On February 23, 2017, Mr. Eckstrom slipped and fell in the non-handicap shower,

sustaining injury to his left shoulder, knee and lower extremity.

29. Mr. Eckstrom remained on the floor of the shower for approximately 15 minutes before another inmate saw him on the floor and summoned a nurse.

30. Mr. Eckstrom was taken to the Emergency Department at Hahnemann University Hospital immediately after his fall where an MRI was performed that demonstrated a complete tear and retraction of his left rotator cuff tendon.

31. Mr. Eckstrom was discharged from Hahnemann University Hospital on February 27, 2017 with instructions to follow up with an orthopedic surgeon.

32. Mr. Eckstrom thereafter treated with an orthopedic surgeon.

33. Due to the nature of his injury, Mr. Eckstrom must undergo shoulder replacement surgery.

34. The dangerous condition of the shower was created and/or allowed to exist due to the actions or inactions of defendants, through their agents, servants, workmen, and/or employees.

35. The dangerous condition of the floor was allowed to exist by the defendants and/or their agents, servants, workmen and/or employees and existed for a sufficient period of time such that the defendants knew, or in the exercise of reasonable care, should have known of its existence, and the danger it created for residents such as Mr. Eckstrom.

36. At all times relevant to this Complaint, all defendants were deliberately indifferent to the serious medical needs of Mr. Eckstrom.

37. At all times relevant to this Complaint, defendants CEC, GEO, DHA, Agostini, DOC and ABC Companies I-X, intentionally and with deliberate indifference, failed to develop and implement policies, practices, and procedures to ensure that inmates/residents such as Mr. Eckstrom would receive reasonable accommodations for their disabilities, including but not

6

limited to safe handicap-accessible showers.

38. At all times relevant to this Complaint, the conduct of all defendants, their agents, servants and/or employees, was intentional, willful, reckless, and grossly negligent with respect to Mr. Eckstrom's rights under federal and state law.

39. As a result of the aforesaid incident, Mr. Eckstrom suffered severe injuries and pain, which include but are not limited to complete tear and retraction of his supraspinatus tendon, muscle atrophy, partial tear of the subscapularis tendon and tendinosis, requiring shoulder replacement surgery.

40. As a direct and proximate result of the defendants' actions, Mr. Eckstrom has suffered and will in the future continue to suffer severe pain, permanent disfigurement, anxiety, fear, and mental harm.

41. As a direct and proximate result of the defendants' actions, Mr. Eckstrom has suffered and will in the future continue to spend money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

42. As a direct and proximate result of the defendants' actions, Mr. Eckstrom has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

43. As a direct and proximate result of the conduct off the defendants, Mr. Eckstrom has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

44. The harms suffered by Mr. Eckstrom are the direct and proximate result of the policy, practice, and custom of defendants CEC, GEO, DHA, Agostini, DOC and ABC Companies I-X, of refusing or delaying reasonable accommodation of inmates'/residents'

7

physical disabilities necessary for their safety.

45. As a direct and proximate result of the defendants' actions, Mr. Eckstrom was deprived of rights, privileges and immunities under the laws of the Eighth and Fourteenth Amendments to the United States Constitution, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. and 42 U.S.C. § 1983.

## COUNT ONE
## Mr. Eckstrom v. Defendants
## **Violation of Americans with Disabilities Act**

46. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 45, inclusive, of his Complaint as if the same were set forth at length herein.

47. Mr. Eckstrom is disabled pursuant the Americans with Disabilities Act, 42 U.S.C. § 12102(2), in that the prior loss of his leg substantially limits one or more of his major life activities, he has a record of such an impairment, and/or he is regarded as having such an impairment.

48. At all times relevant to this Complaint, Mr. Eckstrom was qualified and entitled to equal access to prison shower facilities and to be protected from injury or the risk of injury due to his disability.

49. By failing to provide Mr. Eckstrom with access to safe, handicap-accessible shower facilities, defendants excluded, discriminated or otherwise prevented Mr. Eckstrom from enjoying access to the same services and facilities provided to other inmates on account of his disability.

50. Defendants violated Mr. Eckstrom's rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq.

51. As a direct and proximate result of the defendants' conduct, Mr. Eckstrom was

denied access to safe, handicap-accessible shower facilities and suffered the physical, emotional and financial harm set forth above.

## COUNT TWO
### Mr. Eckstrom v. Defendants
### Violation of the Rehabilitation Act

52. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 51, inclusive, of his Complaint as if the same were set forth at length herein.

53. Upon information and belief, defendants are recipients of federal funding and financial assistance.

54. Mr. Eckstrom is disabled in that the prior loss of his leg substantially limits one or more of his major life activities, he has a record of such an impairment, and/or he is regarded as having such an impairment.

55. Mr. Eckstrom is qualified and entitled to equal access to prison shower facilities and to be protected from injury of the risk of injury due to his disability.

56. By failing to provide Mr. Eckstrom with access to safe, handicap-accessible shower facilities, defendants excluded, discriminated or otherwise prevented Mr. Eckstrom from enjoying access to the same services and facilities provided to other inmates on account of his disability.

57. Defendants violated Mr. Eckstrom's rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

58. As a direct and proximate result of the defendants' conduct, Mr. Eckstrom was denied access to safe, handicap-accessible shower facilities and suffered the physical, emotional and financial harm set forth above.

## COUNT THREE
## Mr. Eckstrom v. Defendants
## Federal Constitutional Claims

59. Plaintiff incorporates by reference paragraphs 1 through 58 above as fully as if set forth at length below.

60. As a direct and proximate result of all defendants' conduct, committed under color of state law, and the deliberate indifference of defendants to Mr. Eckstrom's serious medical needs, Mr. Eckstrom was denied the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or to due process of law and/or equal protection of the law under the Fourteenth Amendment to the United States Constitution. As a result, Mr. Eckstrom suffered harm in violation of his rights under the laws and Constitution of the United States, in particular the Eighth and Fourteenth Amendments, and 42 U.S.C. §1983.

61. The violations of Mr. Eckstrom's constitutional rights, Mr. Eckstrom's damages, and the conduct of the individual defendants were directly and proximately caused by the deliberate indifference of CEC, GEO, DHA, Agostini, DOC and ABC Companies I-X to the need for training, supervision, investigation, monitoring, or discipline with respect to the provision of accommodations for inmate/resident physical disabilities.

62. The violations of Mr. Eckstrom's constitutional rights, Mr. Eckstrom's damages, and the conduct of the individual defendants were directly and proximately caused by the encouragement, tolerance, ratification of, and/or deliberate indifference of CEC, GEO, DHA, Agostini, DOC and ABC Companies I-X to, policies, practices, and/or customs of refusing, delaying, failing to coordinate, or otherwise interfering with inmates'/residents' safety and need for accommodation of physical disabilities.

63. The violations of Mr. Eckstrom's constitutional rights, Mr. Eckstrom's damages,

and the conduct of the individual defendants were directly and proximately caused by the failure of CEC, GEO, DHA, Agostini, DOC and ABC Companies I-X, with deliberate indifference, to develop and implement policies, practices, and procedures to ensure that inmates receive proper accommodation of their physical disabilities so as to ensure their safety.

64. As a direct and proximate result of the defendants' conduct, Mr. Eckstrom was denied access to safe, handicap-accessible shower facilities and suffered the physical, emotional and financial harm set forth above.

## COUNT FOUR
## Mr. Eckstrom v. Defendants
## Violation of the Pennsylvania Human Relations Act

65. Plaintiff incorporates herein by reference paragraphs 1 through 64 above as fully as if set forth at length below.

66. Mr. Eckstrom is disabled pursuant the Pennsylvania Human Relations Act, 43 P.S. §954, in that the prior loss of his leg substantially limits one or more of his major life activities, he has a record of such an impairment, and/or he is regarded as having such an impairment.

67. At all times relevant to this Complaint, Mr. Eckstrom was qualified and entitled to equal access to prison shower facilities and to be protected from injury or the risk of injury due to his disability.

68. By failing to provide Mr. Eckstrom with access to safe, handicap-accessible shower facilities, defendants excluded, discriminated or otherwise prevented Mr. Eckstrom from enjoying access to the same services and facilities provided to other inmates on account of his disability.

69. Defendants violated Mr. Eckstrom's rights under the Pennsylvania Human Relations Act, 43 P.S. §951 et seq.

70. As a direct and proximate result of the defendants' conduct, Mr. Eckstrom was denied access to safe, handicap-accessible shower facilities and suffered the physical, emotional and financial harm set forth above.

## COUNT FIVE
### Mr. Eckstrom v. Defendants
### State Law Reckless Disregard of Safety

71. Plaintiff incorporates herein by reference paragraph 1 through 70 above as fully as if set forth at length below.

72. On or about February 23, 2017, defendants had knowledge of (a) the dangerous condition of the non-handicap accessible shower and (b) their authority to intervene to aid Mr. Eckstrom and (c) their ability to rectify the danger faced by Mr. Eckstrom as described in subsection (a), above.

73. Defendants intentionally failed to perform their duty to Mr. Eckstrom, knowing or having reason to know that their acts and omissions created an unreasonable and substantial risk of harm to Mr. Eckstrom.

74. The actions of defendants constituted the tort of reckless disregard of safety, §500m 2 Restatement of Torts, 2d.

75. As a result of defendants conduct, Mr. Eckstrom suffered physical injuries, pain and suffering, emotional distress and/or related financial losses.

76. The actions and conduct of defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, compensatory and punitive damages are necessary and appropriate.

## COUNT SIX
## Mr. Eckstrom v. Defendants
## State Law Negligence Claims

77. Plaintiff incorporates herein by reference paragraphs 1 through 76 above as fully as if set forth at length below.

78. It was the duty of the defendants, acting individually and, by and through their authorized agents, servants, workmen and/or employees acting within the course and scope of their employment, to keep and maintain the Luzerne Treatment Center, including the shower facilities, in a reasonable and safe condition for incarcerated individuals, such as Mr. Eckstrom.

79. Defendants' negligent and careless acts consisted of the following:

   a. failing to maintain Luzerne Treatment Center, including but not limited to the area where Mr. Eckstrom fell, in a safe manner which would protect individuals such as the plaintiff, as well as other persons, from defects and dangerous conditions on the premises;

   b. failing to take all actions necessary to protect the individuals under their care and control from dangerous and defective conditions which could cause injuries ;

   c. failing to take all actions necessary to protect individuals under their care and control from the dangerous and defective design condition which caused injuries to Mr. Eckstrom;

   d. failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed in the real property at the aforesaid date and time;

   e. failing to remove the dangerous condition located at the aforesaid location;

   f. allowing a dangerous condition to exist at the aforesaid location for an unreasonable period of time under the circumstances;

  g. failing to take adequate and reasonable steps to provide adequate, safe, handicap-accessible showers for disabled persons such as Mr. Eckstrom; and

  h. failing to adopt, implement and enforce adequate policies and procedures to provide adequate, safe, handicap-accessible showers for disables persons such as Mr. Eckstrom.

80. As a direct and proximate result of the defendants' conduct, Mr. Eckstrom suffered the physical, emotional and financial harm set forth above.

## REQUESTED RELIEF

Wherefore, Plaintiff respectfully requests:

1. Compensatory damages;

2. Punitive damages against the defendants;

3. Reasonable attorneys' fees and costs;

4. Such other and further relief as may appear just and appropriate.

5. Plaintiff hereby demands a jury trial as to each count and each defendant.

BRIAN S. CHACKER, ESQUIRE
JAMES A. WELLS, ESQUIRE
GAY & CHACKER, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130
Tel: (215) 567-7955
Fax: (215) 567-6809
bchacker@gaychackermittin.net
smedina@gaychackermittin.net

**Attorneys for Plaintiff,
Curt Eckstrom**

Dated: February 22, 2019

14